Rajwinder KAUR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–73155.

United States Court of Appeals, Ninth Circuit.

Submitted May 19, 2006.*

Decided May 30, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER and WARDLAW, Circuit Judges, and WARE,** District Judge.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM ***

Rajwinder Kaur petitions for review of the Board of Immigration Appeals's (BIA) dismissal of her appeal from the Immigration Judge's (IJ) denial of her applications for asylum and withholding of removal. We review for substantial evidence. *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003); *Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir.2004). We grant the petition and remand to the BIA to conduct an individualized assessment of the changed country conditions in light of Kaur's specific circumstances.

Because the BIA assumed that Kaur had proven past persecution,[1] she was entitled to a presumption of future persecution rebuttable only if the government showed by a preponderance of the evidence that there has been a "fundamental change in circumstances such that the applicant no longer has a well-founded fear." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir.2004) (citation and internal quotation marks omitted). In determining whether the government had done so, "the BIA must provide an individualized analysis of how changed conditions will affect the specific petitioner's situation." *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir.2004) (citation and internal quotation marks omitted). "Information about general changes in the country is not sufficient." *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir.1998). Here, the BIA failed to engage in such an individualized determination.

Likewise, the BIA's determination that internal resettlement was a viable option was not supported by adequate analysis of whether it would be safe and reasonable for *Kaur* to do so, as that analysis was not individualized and did not reflect her specific circumstances. *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir.2004); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214–15 (9th Cir.2004).

Accordingly, we remand to the BIA to perform such an individualized assessment in light of Kaur's specific circumstances and the changed country conditions.

**PETITION FOR REVIEW IS GRANTED AND REMANDED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Although the BIA did not explicitly reverse the IJ's adverse credibility finding, the BIA decision discredited it, and the DHS concedes before us that the BIA rejected the IJ's finding. Therefore, Kaur's testimony is to be taken as true upon remand.